B104 (FORM 104) (08/07)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Michelle Lee Hicks | U.S. Department of Education, Direct Loan Servicing Center<br>P O Box 5609, Greenville, TX 75403-5609 |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| James B. Mallory III<br>P O Box 7, Statesville, NC 28687  Ph: 704-872-1911 | |

**PARTY** (Check One Box Only)
☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor    ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor    ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine Dischargeability of Debt Pursuant to 523(a)(8) Student Loan

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Michelle Lee Hicks | BANKRUPTCY CASE NO.<br>08-51481 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of North Carolina | DIVISION OFFICE<br>Wilkesboro | NAME OF JUDGE<br>Whitley | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>03/05/2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JAMES B. MALLORY III | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Michelle Lee Hicks | ) | CASE NO.: 08-51481 |
| | ) | |
| SSN: xxx-xx-8785 | ) | |
| | ) | |
|        Plaintiff(s) | ) | |
| _____ | ) | |
| | ) | ADVERSARY NO.: |
| Michelle Lee Hicks | ) | |
| | ) | |
|        Plaintiff(s) | ) | |
| vs. | ) | |
| | ) | COMPLAINT TO DETERMINE |
| U.S. Department of Education | ) | DISCHARGEABILITY OF DEBT |
| | ) | PURSUANT TO §523(a)(8) |
|        Defendant | ) | |
| _____ | ) | |

Jurisdiction of this matter is conferred on the court by 28 U.S.C. 1334.

This action is brought pursuant to 11 U.S.C. 523(a)(8) and 523(b).

1. The plaintiff, MICHELLE LEE HICKS, is the debtor in the above entitled case under Chapter 7 of the Bankruptcy Code pending in this court.

2. The defendant, U.S. DEPARTMENT OF EDUCATION, is a lender/servicer for a college loan for the debtor.

3. The debtor filed a petition in bankruptcy court under Chapter 7 of the Bankruptcy Code in this court on December 23, 2008 and scheduled the aforementioned debt totaling $78,000.00, account # xxx-xx-8785, for discharge in bankruptcy.

4. The aforementioned debt is dischargeable in bankruptcy pursuant to 11 U.S.C. 523 (a)(8) and 523 (b) based on an undue hardship to the debtor in that:

    a. The debtor does not have sufficient funds to pay minimum payments on student loans and provide support to herself and her dependant child. The debtor has a severely disabled child, age ten, who will be dependant on her support for the rest of his natural life. Given the debtor's income as a special education teacher, this debt of approximately $83,000.00 in combination with student loan debt to the College Foundation, Inc., of approximately $84,195.00 cannot mathematically be paid during her natural life. The debtor has the ability to pay approximately $100 per month toward student loans, which is not enough to cover current interest charges estimated at over $700 per month for both loans. Since filing, the debtor's monthly income will decrease by

$300.00 due to annualized payments (12 vs 10) and is not assured of income during the two months of the summer. Due to a recent change in position the debtor's driving expenses have increased due to a longer commute. Debtor is also dependent upon a subsidized daily care program for her disabled son. If the program becomes unavailable, as may happen, the debtor will have no funds at all available for payment. Debtor's long-term income increases will certainly be offset by corresponding increases in the cost of living and care for her disabled son.

Wherefore, the plaintiff prays that the debt to the defendant be included in the discharge and that the plaintiff debtor further requests this court to issue an order restraining the defendant from pursuing any collection activity until the questions of the dischargeability of the debt to the defendant is determined by this court.

Dated: 5 March, 2009.

                                        JAMES B. MALLORY III
                                      Attorney for the Plaintiff

James B. Mallory III
P O Box 7
Statesville, NC 28687
NC Bar # 12479
704-872-1911
Fax: 704-872-5776